1
2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

\* \* \*

4    BENJAMIN ESPINOSA,

5                                        Plaintiff,

6         v.

7    GEORGE DAVIS, *et. al.*,

8                                        Defendants.

9

Case No. 3:25-CV-00355-MMD-CLB

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

[ECF No. 24]

10       Before the Court is Plaintiff Benjamin Espinosa's ("Espinosa") motion for leave to

11   file a first amended complaint. (ECF No. 24.) Defendants filed a non-opposition to the

12   motion. (ECF No. 25). For the reasons stated below, the Court grants the motion.

13   **I.       LEGAL STANDARD**

14       Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely

15   give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made

16   clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v.*

17   *Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider

18   various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing

19   party; (4) the futility of the amendment; and (5) whether the plaintiff has previously

20   amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir.

21   2014). The factors do not weigh equally; rather, prejudice receives the greatest weight.

22   *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence*

23   *Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

24       Defendants bear the burden of establishing prejudice, and absent its presence or

25   a "strong showing" under the other factors, there is a presumption in favor of permitting

26   amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v.*

27   *Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court

28   may weigh against the movant the amended pleading's great alteration of the litigation's

1   nature that requires the opposing party to defend against "different legal theories and . . .

2   different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th

3   Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band*

4   *of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

5          By contrast, futility "alone can justify the denial of a motion for leave to amend."

6   *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d

7   815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient,

8   *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended

9   complaint would be subject to dismissal, such as when it violates the statute of limitations,

10  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

11  **II.      DISCUSSION**

12         Espinosa seeks to amend his complaint to add factual allegations to his claims. In

13  addition, the amended complaint dismisses Defendant Dzurenda and limits the case to

14  the following two claims for relief: (1) an Eighth Amendment conditions of confinement

15  claim against Defendants Davis, Henley, Hartman, and John/Jane Does; and (2) a claim

16  for violations of Article 1, § 6 of the Nevada Constitution against Defendants Davis,

17  Henley, Hartman, and John/Jane Does. (ECF No. 24-1.) Defendants filed a non-

18  opposition to the motion. (ECF No. 25.)

19         The Court finds that the motion to amend should be granted, as the above factors

20  discussed in *Desertrain* weigh in Espinosa's favor. First, rather than bad faith, the record

21  demonstrates that Espinosa is acting in good faith to amend his complaint to provide more

22  factual detail to his claims and narrow the named the defendants. Second, Espinosa

23  timely filed his motion. Therefore, the Court finds that Espinosa did not delay in seeking

24  amendment.

25         Third, Defendants are not prejudiced by the amendment, as it merely seeks to

26  provided further factual allegations and clarify the defendants and claims in the litigation.

27  Thus, the Court does not find that the amended complaint greatly alters the litigation's

28  nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,*

893 F.2d at 1079. Finally, the Court finds that the requested amendment is not futile. In sum, the above *Desertrain* factors each weigh in Espinosa's favor, and, therefore, the Court concludes amendment is proper.

Additionally, pursuant to LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. As Defendants explicitly filed an non-opposition to the motion, it should be granted on this basis as well.

**IV.    CONCLUSION**

For the reasons discussed above, **IT IS ORDERED** that Espinosa's motion for leave to file a first amended complaint, (ECF No. 24), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** Espinosa's first amended complaint, (ECF No. 24-1), which is now the operative complaint in this case.

**IT IS FURTHER ORDERED** that the first amended complaint will **PROCEED** with:

- Claim 1: Eighth Amendment conditions of confinement claim against Defendants Davis, Henley, Hartman, and John/Jane Does
- Claim 2: Nevada State Constitution Article 1, § 6 claim against Defendants Davis, Henley, Hartman, and John/Jane Does

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or other response to the second amended complaint within **60 days** from the date of this order.

**DATED**: _December 30, 2025_

_____
**UNITED STATES MAGISTRATE JUDGE**